SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------X  Index No.: 05-22013
NELSON HOCKER,

                Plaintiff designates Suffolk
                County as the place of trial
          Plaintiff,      **SUMMONS**

-against-

                The basis of the venue
                is place action occurred

ADT SECURITY SERVICES, INC.,
and SAM BRUNETTI, individually and as
an aider and abettor                Plaintiff resides in
                Suffolk County
         Defendant.
---------------------------------------------------------------X

To the above named Defendants:

      YOU ARE HEREBY SUMONED to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance upon the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: September 28, 2005
        Huntington, New York

                                JOHN J. LEO, ESQ.
                                Attorney for Plaintiff
                                191 New York Avenue
                                Huntington, New York 11743
                                (631) 385-1175

TO:
ADT SECURITY SERVICES, INC.
50 Republic Road
Melville, New York 11747

FILED 2005 OCT -4 AM 9:27 EDWARD P. ROMAINE CLERK OF SUFFOLK COUNTY

SAM BRUNETTI
50 Republic Road
Melville, New York 11747

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------X
NELSON ROCKER,

                Plaintiff,

      - against -
                                  COMPLAINT

ADT SECURITY SERVICES, INC.
and SAM BRUNETTI, INDIVIDUALLY
AND AS AN AIDER AND ABETTOR,       Index# 05-22013

                Defendants.
------------------------------------X

Plaintiff NELSON ROCKER by and through his attorney, JOHN J. LEO, ESQ. complaining of Defendants ADT SECURITY SERVICES, INC.("ADT") and SAM BRUNETTI ("Brunetti"), INDIVIDUALLY AND AS AN AIDER AND ABETTOR respectfully alleges as follows:

### INTRODUCTION

1. This action is for injunctive relief and damages and is brought pursuant to the New York State Executive Law Sections 296 and 297, and the New York common law as and for the discrimination of the Plaintiff by the Defendants due to his age and marital status.

### JURISDICTION AND VENUE

3. The unlawful employment practices alleged below occurred within Suffolk County, in the State of New York. Plaintiff resides in Suffolk. Accordingly, venue and

1

jurisdiction lies in the Supreme Court of the State of New York County of Suffolk.

### THE PARTIES

4. Plaintiff is a male resident of the State of New York County of Suffolk

5. Upon information and belief, Defendant ADT is a corporation formed under and by virtue of the laws of the State of New York and is qualified to do business in the State of New York and is doing business in Melville, New York.

6. Upon information and belief Defendant Brunetti is an individual that resides in the State of New York and is a high level employee of Defendant ADT.

### NATURE OF CLAIM

7. This Complaint seeks restoration to Plaintiff of all rights and privileges of his employment with Defendant ADT including, but not limited to, compensatory damages for pain and suffering, punitive damages, back pay for loss in income and fringe benefits that Plaintiff would have been received but
for Defendant's unlawful and discriminatory practices set forth herein and, in addition, seeks recovery of attorneys' fees as the prevailing party as a result of Defendants' conduct.

8. Plaintiff further seeks damages for mental anguish, and for negligence, recklessness and carelessness, and for attorneys' fees, costs, disbursements and experts' fees for this action in an amount to be determined by the trial court.

10. The Plaintiff seeks damages for mental anguish under N.Y. Executive Law Section and for negligence, recklessness and carelessness and for attorneys' fees, costs, and experts' fees for this action in an amount to be determined by the trial court.

## STATEMENT OF FACTS

11. Plaintiff Hocker is a male and is over forty years of age.

12. Plaintiff was born on March 27, 1952.

13. Plaintiff commenced his employment with Defendant ADT in 1998 as a senior applications engineer.

14. Upon information and belief, Defendant ADT is in the business of providing security systems.

15. Plaintiff was continuously employed by Defendant ADT as a senior applications engineer.

16. When Plaintiff Hocker commenced his employment with Defendant ADT, he received health insurance and other fringe benefits.

17. Defendant ADT maintains an office in Melville,

3

New York as well as other locations in New York.

18. Generally, Plaintiff Hocker worked from Defendant ADT's Melville, New York office.

19. At all times, Plaintiff Hocker performed his duties in a satisfactory and acceptable manner.

20. In March 2005, Plaintiff Hocker was informed Defendant ADT that he was terminated.

21. Thereafter, although Plaintiff continued to perform her duties in a satisfactory and acceptable manner, Plaintiff was subjected to discriminatory treatment by Defendants ADT and Brunetti with respect to the terms, conditions and privileges of her employment on the basis of his age, marital status and religion including, but not limited to, the following:

    a) That other employees cost less because they are not married and are single;

    b) Defendant Brunetti called Plaintiff an old man as well as the old man of the office;

    c) Shortly after Plaintiff Hocker was terminated a younger person was hired to perform and/or did perform Plaintiff's job and/or duties;

    d) Defendant Brunetti stated several occasions that Plaintiff cost more because he was older;

    e) Defendant Brunetti stated several times that

4

was his highest expense as an employee;

f) Plaintiff was denied opportunity to go to training sessions those were afforded other younger employees;

g) Defendant Brunetti in discussing various topics in the work place would state about Plaintiff that he had been around a long time;

h) On at least one occasion, Defendant Brunetti said to plaintiff that "you're an old timer".

i) Defendant assigned Plaintiff the least desirable and less favored projects;

j) Other employees' expenses were treated differently then those of the Plaintiff;

k) Company rules were not enforced as to younger employees;

l) Plaintiff was terminated by the Defendant ADT;

22. Plaintiff was not advised by Defendants that his job performance was unsatisfactory, or that his job was at risk either.

23. The unlawful and improper conduct perpetrated by Defendants ADT and Brunetti were discriminatory, and was disruptive and detrimental to Plaintiff Acevedo as well as her health.

5

24. Defendant Brunetti purposefully created, perpetrated, permitted and condoned the termination of the Plaintiff, which unreasonably interfered with him, affected his employment and his health.

25. Upon information and belief, the conduct of Defendant ADT and its owners and employees, was intended to force Plaintiff to resign and or to be terminated, with the actual result that they negligently and carelessly caused Plaintiff physical and emotional distress.

26. Defendant ADT's conduct invaded Plaintiff's privacy, was committed in gross disregard of Plaintiff's rights, and was outrageous in character extreme in degree and beyond all possible bounds of decency so as to be considered intolerable in a civilized society.

27. Plaintiff was fired on or about March 2, 2005 when he was able and desired to continue to work.

### AS AND FOR A FIRST CAUSE OF ACTION FOR EMPLOYMENT DISCRIMINATION

28. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs "1" through "29" with the same force an effect as if fully set forth herein at length.

30. Defendant ADT has discriminated against Plaintiff Hocker in the terms and conditions of his employment on the

6

basis of his age violates the provisions of Article 15 of the New York State Executive Law, specifically Executive Law Section 296 and 297, justifying an award, inter alia, of back pay, front pay, benefits and compensatory damages for emotional distress against the Defendants in the sum of $500,000.00, with interest, costs and disbursements.

31. By reason of Defendant ADT's conduct, Plaintiff suffered physical and emotional injuries, and was otherwise greatly damaged and, therefore, demands of Defendant ADT back pay for his loss of income and other fringe benefits, as well as and compensatory in the amount of $500,000.00, together with interest, costs and disbursements.

### AS AND FOR A SECOND CAUSE OF ACTION FOR EMPLOYMENT DISCRIMINATION

32. The Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "31" as if more fully set forth herein.

33. The Plaintiff avers that the Defendants' unlawful and discriminatory treatment of his on account of his marital status with regard to the terms, conditions and privileges of his employment and the unlawful and discriminatory termination of his employment on account of her gender violates the provisions of Article 15 of the New York State Executive Law, specifically Executive Law

Section 296 and 297, justifying an award, inter alia, of back pay, front pay, benefits and compensatory damages for emotional distress against the Defendants in the sum of $500,000.00, with interest, costs and disbursements.

### AS AND FOR A THIRD CAUSE OF ACTION AS AIDER AND ABETTER AND INDIVIDUALLY AGAINST SAM BRUNETTI UNDER SECTION 296 OF THE New York STATE EXECUTIVE LAW

34. The Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "33" as if more fully set forth herein.

35. That the foregoing acts pleaded above were aided and abetted by and engaged in with the full knowledge and consent by Defendant BRUNETTI in violation of Section 296 of the New York State Executive Law.

37. As a result of the Defendant BRUNETTI's actions, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other non-pecuniary losses in the sum of $500,000.00 with interest costs and disbursements.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR DEFENDANT'S FAILURE TO EXERCISE REASONABLE CARE TO PROTECT ITS EMPLOYEES

38. Plaintiff repeats and reiterates the allegations set forth in paragraphs "1" through "37" with the same force

8

and effect as if fully set forth herein at length.

39. Defendant ADT has a duty to implement reasonable measures to safeguard its employees against foreseeable acts, harassment and unlawful discrimination by its employees and agents.

40. Defendant ADT had actual and/or constructive notice of the harassment, discrimination and other improper and/or unlawful conduct to which Plaintiff was subjected, and yet failed to act in a reasonable and prudent manner to prevent, prohibit and/or reprimand such conduct.

41. Defendant ADT had such actual and/or constructive notice of the improper conduct above-described, so as to be able to prevent it, and yet failed to act reasonably and appropriately, and Defendant ADT's failure to act proximately thus caused injury to the Plaintiff.

42. Defendant ADT, by its acts and failure to act as pleaded above, was negligent, careless and reckless in that Defendant ADT failed to provide Plaintiff with a safe and wholesome work environment and failed to supervise and/or monitor its personnel adequately.

43. As a result the foregoing, Plaintiff has been damaged in a sum not less than $500,000.00, together with interest, costs and disbursements.

### AS FOR A FIFTH CAUSE OF ACTION ON THE THEORY OF RESPONDEAT SUPERIOR

44. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs "1" through "43" with the same force and effect as if fully set forth herein at length.

45. Defendant ADT is vicariously liable for the acts of its employees and agents, including Defendant BRUNETTI, whose acts in his capacity as a manager and/or owner were a proximate cause of the harm to Plaintiff.

46. The conduct of Defendant ADT's employees and/or agents were committed during the scope of his, her and/or their employment.

47. By reason of the foregoing, Plaintiff has been damaged in the sum not less than $500,000.00, together with interest, costs and disbursements.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant as follows:

(a) On the First Cause of Action for employment discrimination in the sum of $500,000.00 for compensatory damages, plus back pay and other fringe benefits, together with interest, costs and disbursements;

(b) On the Second Cause of Action for employment discrimination in the sum of $500,000.00 for compensatory

10

damages, plus back pay and other fringe benefits, together with interest, costs and disbursements;

(c) On the Third Cause of Action in the sum of $500,000.00 for compensatory plus back pay and other fringe benefits, together with interest, costs and disbursements;

(d) On the Fourth Cause of Action in the sum of $500,000.00 for compensatory and punitive damages, plus back pay and other fringe benefits, together with interest, costs and disbursements;

(e) On the Fifth Cause of Action in the sum of $500,000.00 for compensatory and punitive damages, plus back pay and other fringe benefits, together with interest, costs and disbursements;

(f) Awarding Plaintiff reasonable attorneys' fees and the costs of this action;

(g) That the Court retain jurisdiction over this action until Defendant has fully complied with the Orders of the Court and to require Defendant to file such reports as may be necessary to supervise such compliance; and

(h) Awarding Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Dated: Huntington, New York
       August 18, 2005

Respectfully submitted,

JOHN J. LEO, ESQ.
191 New York Avenue
Huntington, New York 11743
(631) 385-1175

12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------X
NELSON HOCKER,

                 Plaintiff,

- against -

ADT SECURITY SERVICES, INC.
and SAM BRUNETTI, INDIVIDUALLY
AND AS AN AIDER AND ABETTOR,       Index#

                 Defendants.
-----------------------------------------X

## COMPLAINT

JOHN J. LEO, ESQ.
Attorney for Plaintiff
191 New York Avenue
Huntington, New York 11743
(631) 385-1175

## PROOF OF SERVICE
(via overnight delivery)

I am over the age of 18 and not a party to this action. On this date, I served a true copy of the attached:

## NOTICE OF REMOVAL

on the parties listed below, via prepaid overnight FedEx, sent to their attorneys of record at their last known address as follows:

John J. Leo, Esq.                   Attorney for plaintiff Nelson Hocker
191 New York Avenue
Huntington, New York 11743

and upon

Clerk
Supreme Court of the State of New York
County of Suffolk
235 Griffing Avenue
Riverhead, New York 11901

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 4, 2005                 _____
                                                 Kimberly Kreitz